**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BRANDON HERNANDEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-855-XR |
| | § | |
| SWIFT TRANSPORTATION CO., INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ON MOTION FOR LEAVE TO AMEND PLEADING**

On this day, the Court considered Defendant's Motion for Leave to Amend its Answer (Docket Entry No. 24).  Plaintiff is opposed.  Having reviewed the Scheduling Order and Defendant's motion, the motion is DENIED.

**Background**

Plaintiff Brandon Hernandez was involved in an automobile accident with an employee of Defendant Swift Transportation Company, Inc.  Hernandez claims he was injured as a result of the collision with Swift Transportation Company's tractor trailer, and he filed suit for negligence.

**Procedural Background**

Hernandez filed suit in the 57th District Court of Bexar County, Texas,[1] and Defendant answered.[2]  Defendant timely removed the case to this Court on October 20, 2009.[3]  On December 8, 2009, the Court issued a Scheduling Order that established a deadline of May 17, 2010, for the

---

[1]Pl.'s Original Pet., Sept. 22, 2009 (Notice of Removal attach., Oct. 20, 2009 (Docket Entry No. 1)).

[2]Def.'s Original Answer, Oct. 7, 2009 (Notice of Removal attach.).

[3]Notice of Removal.

parties to amend their pleadings.[4]  After the deadline for amending pleadings expired, Defendant

moved for leave to file its First Amended Answer to which Plaintiff is opposed.[5]

## Legal Standard

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the

pleadings before trial.  Rule 15(a) permits a party to amend a pleading with the opposing party's

consent or the court's leave, and provides that leave should be given "freely . . . when justice so

requires." FED. R. CIV. P. 15(a).  Defendant's motion, however, was filed *after* the expiration of the

Court-ordered deadline to amend pleadings, and granting Defendants' motion would require a

modification of the Court's scheduling order.  *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541,

546 (5th Cir. 2003).  Consequently, Defendant's motion must be made pursuant to Rule 16(b).

According to the Fifth Circuit Court of Appeals:

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only
> for good cause and with the judge's consent."  It requires a party "to show that the deadlines
> cannot reasonably be met despite the diligence of the party needing the extension." [*S&W
> Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)] (quoting 6A
> CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.
> 1990)).  As to post-deadline amendment, a party "must show good cause for not meeting the
> deadline before the more liberal standard of Rule 15(a) will apply to the district court's
> denial of leave to amend." [*Sw. Bell Tel. Co.*, 346 F.3d at 546] (citing *S&W Enters.*, 315
> F.3d at 536).  Four factors are relevant to good cause: "(1) the explanation for the failure to
> timely move for leave to amend; (2) the importance of the amendment; (3) potential
> prejudice in allowing the amendment; and (4) the availability of a continuance to cure such
> prejudice." *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

*Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

---

[4]Scheduling Order, Dec. 8, 2009 (Docket Entry No. 9).

[5]Def.'s Mot. for Leave to Amend Def.'s Original Answer, May 26, 2010 (Docket Entry No. 24).

**Analysis**

Swift Transportation Company is required to show good cause to amend its pleading to include an affirmative defense of contributory negligence.  Citing Rule 15(a), Defendant claims that Plaintiff provided an oral deposition in which his testimony supports an affirmative defense of contributory negligence.  Defendant fails to establish when that deposition occurred.  Swift Transportation Company further argues that Plaintiff is not surprised by its assertion of the affirmative defense since it has claimed contributory negligence against Plaintiff in written discovery responses.

Swift has failed to show good cause to warrant a modification of the scheduling order to amend its pleadings.  Defendant has provided no explanation for its failure to timely move for leave to amend.  Although a party views its own pleadings as important, Swift has not provided any explanation regarding the importance of the amendment to this case.  The parties have relied upon the existing scheduling order, which would result in prejudice to Hernandez who has relied on that scheduling order in pursuing this case.  Moreover, Swift provides no discussion whether a continuance would cure any prejudice.

**Conclusion**

Defendant has failed to show good cause to warrant the Court revising its scheduling order so that Defendant may amend its pleading.  Therefore, Defendant's motion for leave to amend is DENIED.

It is so ORDERED.

SIGNED this 27th day of May, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE