**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BRANDON HERNANDEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-855-XR |
| | § | |
| SWIFT TRANSPORTATION CO., INC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

On this day, the Court considered Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 22) and Plaintiff's motion to strike Defendant's Response (Docket Entry No. 27).  Having reviewed the motion and the evidence attached thereto, the motion for partial summary judgment is GRANTED and the motion to strike Defendant's response is DISMISSED as moot.

**Background**

Plaintiff Brandon Hernandez was involved in an automobile accident with an employee of Defendant Swift Transportation Company, Inc.  On October 22, 2007, Hernandez was driving on Industrial Park Road in San Antonio, Texas, on his way to work.[1]  Industrial Park Road is a two-lane public street with traffic traveling in opposite directions in each lane.  Tractor trailers lined the side of the street, waiting to turn into parking lot entrances on the left.  Hernandez recalls at least two trucks parked on the right side of the road facing the same direction he was traveling.  The two vehicles had their hazard lights flashing.

---

[1] Unless otherwise indicated, the facts are supported by the testimony of Plaintiff Brandon Hernandez.  *See* Dep. of Brandon Hernandez (Apr. 13, 2010) (Pl.'s Ex. 3).  Defendant provides no affidavit from the driver or any witness testimony that would create an issue of fact.

Lisa Jones operated one of the tractor trailers.  She was operating the vehicle within the course and scope of her employment with Swift Transportation Company, Inc.[2]  As Hernandez approached, the tractor trailer operated by Lisa Jones moved away from the curb toward its left. Hernandez stopped his vehicle, honked his horn, flashed his lights, and tried to reverse.  The truck's trailer struck Hernandez's vehicle, first making contact with the front passenger side.   Jones continued to drive the truck, pulling the trailer across Hernandez's vehicle and dragging it into the parking lot until parking lot security guards stopped her.  As the trailer dragged the car, Hernandez unstrapped his seatbelt and jumped out of his vehicle when he saw the trailer's rear tires approaching.  Jones told Hernandez that she did not see him as she turned into the parking lot. Hernandez claims he was injured as a result of the collision with Swift Transportation Company's tractor trailer, and he filed suit for negligence.

## Procedural Background

Hernandez filed suit in the 57th District Court of Bexar County, Texas,[3] and Defendant answered.[4]  Defendant timely removed the case on the basis of diversity jurisdiction on October 20, 2009.[5]  Plaintiff moved for partial summary judgment as to Defendant's liability.[6]  Defendant

---

[2]Def.'s Resps. to Pl.'s 1st Set of Reqs. for Admiss., No. 2 (Apr. 26, 2010) (Pl.'s Ex. 1).

[3]Pl.'s Original Pet., Sept. 22, 2009 (Notice of Removal attach., Oct. 20, 2009 (Docket Entry No. 1)).

[4]Def.'s Original Answer, Oct. 7, 2009 (Notice of Removal attach.).

[5]Notice of Removal.

[6]Mot. for Partial Summ. J., May 7, 2010 (Docket Entry No. 22).

2

responded beyond the deadline and failed to seek leave of the Court.[7] *See* L.R. CV-7(d) (requiring non-moving party to respond within eleven days); FED. R. CIV. P. 6(a) (regarding calculation of deadlines); *id.* R. 6(d) (regarding addition of three days depending on service).  Plaintiff has moved to strike Defendant's response.[8]

## Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The Court reviews all facts in the light most favorable to the nonmoving party.  *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

"A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."  FED. R. CIV. P. 56(a).  To obtain summary judgment, "if the movant bears the burden of proof on an issue . . , he must establish beyond preadventure *all* of the essential elements of the . . . [claim] to warrant judgment in his favor."  *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (first ellipses and bracket added).  If the moving party fails to meet its burden, then the motion must be denied, regardless of the non-movant's response.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

---

[7]Def.'s Resp. to Pl.'s Mot. for Partial Summ. J., May 28, 2010 (Docket Entry No. 26).  In the interest of adjudicating this case on the merits, the Court has evaluated Defendant's motion.

[8]Pl.'s Mot. to Strike, May 29, 2010 (Docket Entry No. 27).

Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). The opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

## Analysis

Hernandez is asserting a claim for negligence against Swift Transportation Company pursuant to Texas law.[9] Beyond the deadline and without seeking leave of the Court, Defendant has responded, attempting to argue that Hernandez is contributorily negligent. First, Defendant failed to plead contributory negligence[10] and the Court denied Defendant's belated motion to amend its

---

[9]The Court looks to the Texas Supreme Court for controlling authority on issues of Texas state law and the state's appellate courts for guidance on specific issues that the Texas Supreme Court has not decided. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565–66 (5th Cir. 2005) ("While decisions of intermediate state appellate courts provide guidance, they are not controlling. If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." (citations omitted)). "*Erie* [*R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188 (5th Cir. 1938),] and its progeny require no more of a federal court than conscientiously to satisfy its duty to predict how the state court will decide a question." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995).

[10]Plaintiff specifically noted this in his motion for partial summary judgment. Defendant is required to "affirmatively state any avoidance or affirmative defense, including . . . contributory negligence . . . ." FED. R. CIV. P. 8(c)(1). The Court recognizes that it is to construe pleadings "so as to do justice", *see id.* R. 8(e), that a defendant need not "state certain magic words in order to assert a successful defense", *Starcraft Co. v. C.J. Heck*, 748 F.2d 982, 990 n.11 (5th Cir. 1984), and that a defendant is only required to give a plaintiff "fair notice of the nature of its assertions", *id.* First, Defendant's answer asserts no affirmative defense and a broad reading of the answer does not indicate that Defendant is asserting any affirmative defenses. Swift Transportation Company's single-page answer provides nothing more than a general denial and requests that Plaintiff meet his burden to prove his claim by a preponderance of the evidence. Second, Swift Transportation Company cannot show that Hernandez was on notice that it was pursuing an affirmative defense. Defendant argues that Plaintiff was on notice that it was asserting an affirmative defense of

4

answer.[11]  Swift Transportation Company's request, which would require a modification of the

scheduling order, did not establish good cause to allow the amendment.[12]   Second, Swift

Transportation Company presents the Court with essentially the same evidence provided by Plaintiff.

Defendant merely provides its denials of Hernandez's claims, but it provides no competent summary

judgment evidence to create an issue of material fact for trial.   Third, Swift Transportation Company

fails to provide the Court with any supporting case authority to support its position, and it merely

attempts to question the credibility of Plaintiff.   Defendant presents speculative and conjectural

arguments in an attempt to characterize Plaintiff's evidence as presenting a fact issue.   This is not

enough to carry its burden on summary judgment.   The non-moving party "may not rely merely on

---

contributory negligence.  To show this, Defendant provides the Court with interrogatories in which
it asked Plaintiff whether he admitted or denied that he was contributorily negligent, which Plaintiff
denied.  This alone fails to establish that Plaintiff was aware that Defendant was asserting the
affirmative defense.  If anything, Defendant's failure to amend its pleading following Plaintiff's
denial could just as easily indicate to Hernandez that Swift Transportation Company declined to
pursue the affirmative defense.  Third, the Court has reviewed the pleadings and evidence on file in
this case in an attempt to address this case on the merits and to do substantial justice.  Defendant
provides the Court with no evidence that would support its late assertion of an affirmative defense
of contributory negligence.

   This is not the case of a technical failure to comply with Rule 8(c).  "[T]he prejudice inquiry
considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not
simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every
affirmative defense is)."  *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008).  Here, nothing
in Defendant's answer or in a pleading before the Court indicates that Defendant was pursuing an
affirmative defense.  It cannot now rely on the speculative existence of one in an attempt to create
an issue of fact for trial.

   [11]Order on Mot. for Leave to Amend, May 27, 2010 (Docket Entry No. 28).

   [12]*Id.*  Although a motion to amend a pleading can be made pursuant to Federal Rule of Civil
Procedure 15 before the deadline for amending pleadings, Defendant moved to amend its pleading
beyond the deadline, which required a modification of the scheduling order, and must be made
pursuant to Federal Rule of Civil Procedure 16, which requires a showing of good cause.
Defendant's motion failed to establish good cause.

allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

"Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). The existence of a legal duty owed by one person to another is a question of law. *Id.* The determination of the existence of a legal duty is made "'from the facts surrounding the occurrence in question.'" *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005) (quoting *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994)).

"The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 211 (Tex. App.—Tyler 1992, writ denied) (citing *Hatcher v. Mewbourn*, 457 S.W.2d 151, 152 (Tex. Civ. App.—Texarkana 1970, writ ref'd n.r.e.)). As a general matter, a motorist is not required to watch for traffic approaching from the rear. *Id.* at 211. However, some circumstances warrant a driver to lookout to the rear. *See Francis v. Cogdell*, 803 S.W.2d 868, 869 n2. (Tex. App.—Houston [1st Dist.] 1991, no writ).[13]

---

[13]A Texas appellate court summarized the general rule and its exception:
> The rule in Texas regarding lookout to the rear is that the lead driver has no duty to keep a lookout for traffic approaching from the rear unless the lead driver changes his lane or direction, stops or suddenly decelerates, in either of which case he has a duty to keep a proper lookout to the rear and to give a proper signal of his intention.

*Francis v. Cogdell*, 803 S.W.2d 868, 869 n2. (Tex. App.—Hous. [1st Dist.] 1991, no writ) (citing

Under the circumstances in this case, Swift Transportation Company's driver owed a duty to lookout for traffic approaching from the rear. The testimony establishes that Swift Transportation Company's driver had stopped on the right side of the road before making a left turn to enter a driveway.[14] As Plaintiff approached Swift Transportation Company's vehicle from behind, its driver owed him a duty to lookout for traffic. Swift Transportation Company's driver breached that duty when she turned into traffic, striking Hernandez's vehicle without seeing him. Swift's driver told Hernandez that she did not see him.[15]

Proximate cause is an essential element of a negligence claim, requiring proof that (1) a defendant's negligent act was the cause-in-fact (or substantial factor) of the plaintiff's injury and (2) the injury was foreseen or reasonably should have been foreseen as the result of the negligence. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003). "Cause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible." *Id.* at 799 (citing *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "To establish foreseeability, the plaintiff must show that the defendant should have anticipated the dangers that its negligent act or omission created for others." *Ambrosio v. Carter's Shooting Ctr.*, Inc., 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "[P]roximate cause can be a question of law when the evidence is without

---

*Burnett v. Howard*, 466 S.W.2d 16, 20 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ)).

[14]*Cf. C.&R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex. 1966) (jury could find a breach of duty of care when a driver entered highway from shoulder without maintaining a proper lookout for traffic coming from behind).

[15]Hernandez Dep. at 111:21–22. There is no objection to the inclusion of this statement. Regardless, the testimony is not hearsay. *See* FED. R. EVID. 801(d)(2) (admission by party-opponent).

7

material dispute and where only one reasonable inference may be drawn." *Id.* at 266.

Approximately two hours after the accident, Hernandez entered the hospital complaining of pain and discomfort from the automobile accident.[16] He felt pain in the muscles on his neck and then on his lower back, which Hernandez described as "muscle spasms" and "sharp pain."[17] Hernandez testifies that he had to leave work early on some days because of pain.[18] Although the issue of proximate cause is generally an issue of fact, *id.* at 266, the only evidence before the Court shows that Hernandez suffered a damaged vehicle, pain and muscle spasms, and missed some work because of the automobile accident. Even taking the evidence in a light favorable to the non-moving party, it is the only evidence available to the Court and establishes that the accident resulted in Hernandez's neck pain, back pain, damage to his vehicle, and time missed from work.

Based on the evidence before the Court, Hernandez has established that Swift Transportation Company's driver, who was acting within the scope of her employment, breached a duty of care and proximately caused damage to Hernandez's vehicle and injured Hernandez. There is no evidence before the Court that would present an issue of material fact for trial as to Swift Transportation Company's liability.

### Conclusion

Plaintiff's motion for partial summary judgment as to liability is GRANTED. The issue of damages remains in dispute. Plaintiff's motion to strike Defendant's untimely response is DISMISSED as moot.

---

[16]Hernandez Dep. at 138:7–139:18.

[17]*Id.* at 139:16–18.

[18]*Id.* at 153.

It is so ORDERED.

SIGNED this 2nd day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE