# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BRANDON HERNANDEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-09-CV-855-XR |
| § | |
| SWIFT TRANSPORTATION CO., INC., § | |
| § | |
| *Defendant*. § | |

## ORDER ON MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORT

On this day, the Court considered Defendant's Motion for Leave to Supplement Defendant's Designation of Experts and Expert Reports (Docket Entry No. 31).  Having considered the motion and Plaintiff's response, the motion is GRANTED IN PART AND DENIED IN PART.

### Statement of Case

Plaintiff Brandon Hernandez seeks damages for injuries received in a vehicle accident with a tractor trailer owned by Defendant Swift Transportation Company, Inc. on October 22, 2007, in San Antonio, Texas.

### Relevant Procedural History

On December 8, 2009, this Court issued a Scheduling Order that established a deadline of May 7, 2010, for parties resisting claims for relief to "FILE their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and . . . SERVE on all parties, but not file materials required by FED. R. CIV P. 26(a)(2)(B) . . . ."[1]  In accordance with the Scheduling

---

[1] Scheduling Order, Dec. 8, 2009 (Docket Entry No. 9).  The deadline for discovery in this case is July 9, 2010.

Order, Defendant filed its designation of experts and served the expert report of Dr. Richard M. Harding on Plaintiff.[2] Defendant filed a motion for leave to supplement its designation of experts and expert reports on June 14, 2010.[3] Plaintiff is opposed to the motion.[4]

## Legal Standard

Rule 26(e) of the Federal Rules of Civil Procedure requires that a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure or response in a timely manner. FED. R. CIV. P. 26(e)(1). The Rule continues:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

*Id.* R. 26(e)(2). The Rule's basic purpose is "preventing prejudice or surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). Under certain circumstances, a Court's refusal to permit supplementation of an expert report to respond to assertions by opposing experts could constitute an abuse of discretion. *See Miller v. Pfizer*, 356 F.3d 1326, 1332 (10th Cir. 2004). However, "[t]he purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the . . . report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998), *cert. denied* 525 U.S. 1068, 119

---

[2] Designation of Expert Witnesses, May 7, 2010 (Docket Entry No. 21). Plaintiff states that Defendant served the expert report of Richard M. Harding on May 7, 2010.

[3] Def.'s Mot. for Leave to Supplement Def.'s Designation of Experts & Expert Reports, Jun. 14, 2010 (Docket Entry No. 31).

[4] Pl.'s Resp. to Def.'s Mot. for Leave & Mot. to Extend Time, Jun. 16, 2010 (Docket Entry No. 34).

S.Ct. 798, 142 L.Ed.2d 660 (1999).  Failure to provide information as required by Rule 26(a) or (e) may result the Court barring the offending party from using that information "unless the failure was substantially justified or is harmless."[5]  FED. R. CIV. P. 37(c)(1).

**Analysis**

*A.  Defendant's Expert Report and Motion to Supplement*

Swift Transportation Company retained Dr. Richard M. Harding to "testify on the subjects of biomechanics, occupant kinematics, and injury causation. . . . and he may testify regarding the movement of the occupant inside the vehicle during the event sequence; as well as the injuries sustained by the plaintiff, and the manner in which he/she sustained these injuries"[6]  Swift Transportation Company claims that at the time it filed its designation of experts and expert reports, it had not received the transcript and deposition of Plaintiff Brandon Hernandez.[7]  Moreover, since Richard Harding originally filed his expert report, he has since reviewed Plaintiff's rebuttal expert reports.

Swift Transportation Company now seeks to supplement Richard Harding's expert report in which Dr. Harding has considered "various pleadings, to include the reports of and affidavits of

---

[5] The Fifth Circuit Court of Appeals reviews the Court's exercise of discretion to exclude expert testimony by considering four factors: (1) the explanation for the failure to submit the report in accordance with the Rules; (2) the importance of the report; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice.  *Versai Mgt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

[6] Def.'s Designation of Experts & Expert Witnesses at 2; *see also* Letter from Richard M. Harding, Def.'s Expert to Daniel O'Connor, Def.'s Counsel (May 7, 2010) (Pl.'s Ex. 3).

[7] Defendant deposed Brandon Hernandez on April 13, 2010.  Nearly a month later, On May 7, 2010, Defendant filed and served its Designation of Experts and Expert Report.  Defendant's claim that it did not have Hernandez's deposition is not supported by the facts.

[Plaintiff's experts] and [the] deposition of Brandon Lee Hernandez."[8] Harding seeks to supplement his report with the following: 1) Harding has addressed concerns expressed by one of Plaintiff's experts, Dr. Jack Leifer, regarding the effect of possible snagging; 2) satellite imaging and reconstruction software yielded peak accelerations of 2.18G with an impact-related change in velocity of 1.6 miles per hour; and 3) he notes that Hernandez's deposition was the first time Hernandez mentioned he jumped out of his vehicle following the accident.

B. *Plaintiff's Opposition to Defendant's Motion for Leave*

Hernandez claims that Swift Transportation Company's motion to supplement is untimely, pointing out that Defendant had access to Hernandez's deposition even before the deadline to file its designation of experts and produce expert reports.[9] Plaintiff argues that the supplemental report does not explain how or why Hernandez's testimony was necessary for Harding's new opinions. Hernandez also characterizes Harding's report as an "amended" report than a "supplemental" report. Specifically, Hernandez points to Harding's peak acceleration of 2.18G when his initial report stated the same figure was 0.25G. No data or information in the supplemental report explains this change or explains the reason for the difference. Hernandez claims he will be prejudiced because he will need to incur the expense for his rebuttal experts to review the new conclusions and "the underlying data to support a nearly 900% increase in peak acceleration."[10]

---

[8] Def.'s Ex. A.

[9] Hernandez notes that Swift Transportation Company was aware that it needed to account for the Hernandez deposition by May 7, 2010, the date when Swift's expert reports were due, but it failed to seek an extension of time to serve the expert report and did not supplement the report for another 37 days.

[10] Hernandez also informs the Court that the deposition of its rebuttal expert is already scheduled at Plaintiff's expense and that there is not sufficient time for the rebuttal expert to evaluate

*C. Analysis of Swift Transportation Company's Supplement*

The Court will allow Dr. Richard M. Harding to supplement his report to address deficiencies raised by Plaintiff's expert, Dr. Jack Leifer. Dr. Harding, however, shall not opine on Plaintiff Brandon Hernandez's deposition nor may he change his report regarding the 2.18G peak acceleration.

*1. Timeliness and Diligence*

On February 19, 2010, Swift Transportation Company issued its notice to take the deposition of Plaintiff Brandon Hernandez on April 13, 2010.[11] Defendant's counsel conducted the deposition on the designated day.[12] Defendant's designation of experts, filed and served on May 7, 2010, reads that Dr. Richard M. Harding "is expected to rely on certain materials related to this matter including, but not limited to, . . . depositions and statements of related parties . . . ."[13] Harding's expert report did not rely on Hernandez's deposition.[14] Now, months after conducting the deposition and less than a month before the deadline for discovery, Defendant seeks to amend its expert's report based on information that was available to Defendant prior to the deadline for serving its expert report on Plaintiff. Such a supplement is untimely. Furthermore, Defendant does not explain when it acquired the satellite imagery and data for its simulations that resulted in a change in peak acceleration from this new figure.

---

[11]Def.'s Notice to Take Oral/Videotaped Dep. of Brandon Hernandez, Feb. 19, 2010 (Pl.'s Ex. 1).

[12]Dep. of Brandon Lee Hernandez, Apr. 13, 2010 (Pl.'s Ex. 2).

[13]Def.'s Designation of Experts & Expert Witnesses at 2.

[14]Pl.'s Ex. 3.

0.25G to 2.18G. Swift Transportation Company has failed to timely supplement its report on these issues.

In his supplemental report, Dr. Harding states that "the concern expressed by [Plaintiff's expert Jack Leifer] in his report with regard to the effect of possible snagging during the subject event has been addressed."[15] Plaintiff served the rebuttal expert report of Jack Leifer on May 21, 2010.[16] By June 11, 2010, Richard Harding had reviewed the rebuttal expert's report and corrected deficiencies in his report.[17] The Court finds that Defendant promptly reviewed the rebuttal expert's report and addressed perceived deficiencies in a timely manner.

*2. Swift Transportation Company does not explain how the new information its expert acquired justifies the new data*

Swift Transportation Company fails to explain how either the deposition of Brandon Hernandez or the various pleadings and Plaintiff's experts reports provided it with previously unavailable data that resulted in Dr. Harding's new peak acceleration of 2.18G. Given that Swift Transportation had access to Brandon Hernandez's deposition and the information for its calculation available to it prior to the deadline for Dr. Harding's initial report, Swift Transportation Company has failed to justify how the new conclusion is justified by the data it acquired.

*3. The lack of diligence and timing is prejudicial to Plaintiff*

Plaintiff's rebuttal experts prepared their reports based on the report originally filed by Dr. Harding. A change in Dr. Harding's conclusions would prejudice Plaintiff as he would be forced

---

[15] Def.'s Ex. A.

[16] Pl.'s Resp. at 3.

[17] Def.'s Ex. A.

to have his rebuttal experts reassess Dr. Harding's new report. Aside from the expense of having new rebuttal reports drafted, the timing of the supplemental conclusion within weeks of the discovery deadline poses additional burdens on the Plaintiff.

*4. Swift Transportation Company does not discuss the importance of the report; the potential prejudice in allowing the testimony; and the availability of a continuance*

Swift Transportation Company has not addressed the importance of the supplementary items in its report nor did it address any potential prejudice in allowing the testimony. The Court also notes that judicial resources and the docket minimize the availability of continuances, especially for delays that were within the parties' reasonable control.

## Conclusion

Defendant's motion to supplement the expert report of Dr. Richard M. Harding is GRANTED IN PART AND DENIED IN PART. Defendant may only supplement its report to the extent that Dr. Harding addresses deficiencies raised by Plaintiff's rebuttal expert, Dr. Jack Leifer. Defendant shall not alter the narrative based on Brandon Hernandez's deposition or change any conclusions regarding peak acceleration or impact-related changes in velocity.

It is so ORDERED.

SIGNED this 22nd day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE