IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRANDON HERNANDEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-855-XR |
| | § | |
| SWIFT TRANSPORTATION CO., INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this day, the Court considered Plaintiff's Objections and Motion to Strike Expert Testimony of Defendant's Expert Witness and Exclude the Expert's Testimony (Docket No. 29), Plaintiff's Motion to Strike Defendant's Expert Witness Affidavit and Exhibits Attached to the Defendant's Response (Docket No. 39), and Defendant's Motion for Leave to Amend the Expert's Affidavit (Docket No. 47). Having considered the motions and responses, the motion to strike the expert witness is DENIED, the motion to strike the affidavit and exhibits is DENIED, and the motion for leave is GRANTED.

**Statement of Case**

Plaintiff Brandon Hernandez seeks damages for injuries received in a vehicle accident with a tractor trailer owned by Defendant Swift Transportation Company, Inc. on October 22, 2007, in San Antonio, Texas.

**Expert Testimony**

Swift Transportation Company retained Dr. Richard M. Harding to "testify on the subjects of biomechanics, occupant kinematics, and injury causation. . . . and he may testify regarding the movement of the occupant inside the vehicle during the event sequence; as well as the injuries

sustained by the plaintiff, and the manner in which he/she sustained these injuries"[1] Harding holds a Bachelor of Science Degree in Physiology (BSc), Bachelor of Medicine and Bachelor of Surgery (MBBS) medical degrees, and a Ph.D in Human Physiology from the University of London.[2] Harding examined the Texas Peace Officer's Crash Report, color copies of photographs of Hernandez's vehicle, the property damage appraisal for Hernandez's vehicle, the bill of lading, the pleadings in the case, and Hernandez's medical records. Harding evaluated the accident with a simulation program "developed specifically to model low severity side swipe events involving sliding contact between vehicles."[3] "The results of these simulations demonstrated that [Hernandez's vehicle] experienced a peak resultant acceleration of less than 0.25G during the subject contact . . ."[4] Harding concludes that "Hernandez's kinematic response to this event would have been very mild" from this accident and given his medical history Hernandez would not have sustained the back injury he claims to have sustained.[5]

### Relevant Procedural History

This Court granted Plaintiff's motion for partial summary judgment for negligence, leaving the issue of damages for resolution at trial.[6] Plaintiff objected and moved to strike Defendant's

---

[1] Def.'s Designation of Experts & Expert Witnesses 2, May 7, 2010 (Docket No. 21).

[2] Def.'s Expert Report 1 (May 7, 2010) (Pl.'s Ex. 4, Def.'s Ex. A-3).

[3] Pl.'s Ex. 4, Def.'s Ex. A-3 at 6.

[4] *Id.*

[5] *Id.* at 7.

[6] Order on Mot. for Summ. J., Jun. 2, 2010 (Docket No. 28).

expert Richard M. Harding on June 5, 2010.[7] The Court granted leave for Defendant to respond beyond the deadline, and Defendant responded on June 28, 2010.[8] Plaintiff replied and objected and moved to strike the affidavit and exhibits attached to Defendant's response.[9] Defendant responded and moved for leave to file an amended affidavit.[10]

### Objections and Motion to Strike the Affidavit and Motion for Leave

Hernandez argues that (1) the affidavit attached to Defendant's response fails to meet the requirement that an affidavit be based on personal knowledge; (2) references and the bibliography attached to the affidavit do not include sworn copies of the items listed; (3) the updated curriculum vitae of Harding has not been produced in discovery; (4) the testifying history of individuals at Harding's company is irrelevant; (5) portions of the affidavit are inconsistent with the deposition testimony; and (6) certain statements in the response are conclusory and unsupported.[11] Defendant responds by moving for leave to amend the affidavit to cure the alleged defects and deficiencies.[12] Swift argues (1) that the amended affidavit cures the deficiencies; (2) the amended affidavit contains

---

[7] Pl.'s Objections & Mot. to Strike Expert Witness Richard M. Harding or Exclude Expert Testimony, Jun. 5, 2010 (Docket No. 29).

[8] Def.'s Resp. in Opp'n to Pl.'s Objections & Mot. to Strike Expert Witness Richard M. Harding or Exclude Expert Testimony, Jun. 28, 2010 (Docket No. 37).

[9] Pl.'s Reply, Jul. 5, 2010 (Docket No. 41); Pl.'s Evidentiary Objections & Mot. to Strike Richard M. Harding's Aff. & Exs. Attached to Def.'s Resp. to Pl.'s Objections & Mot. to Strike Expert Witness Richard M. Harding or Exclude Expert Testimony, Jul. 5, 2010 (Docket No. 39).

[10] Def.'s Resp. in Opp'n to Pl's Evidentiary Objections & Mot. to Strike Richard M. Harding's Aff. & Exs. Attached to Def.'s Resp. & Mot. for Leave to File Am. Aff., Jul. 16, 2010 (Docket No. 47).

[11] Pl.'s Mot. to Strike Aff. & Exs.

[12] Mot. for Leave to Am. Aff. at 1.

the cover pages of the periodicals and books cited in the bibliography; (3) the updated curriculum vitae reflects a change in Harding's title at his employment and corrects a minor typographical error with no changes to Harding's training, qualifications, or experience; (4) the testifying history of Harding and other individuals at his company is relevant to demonstrate that they have provided injury causation analysis opinions; (5) regarding inconsistencies, Harding's affidavit is not being offered as evidence before the jury and that the supplemental report did not change the substance of Harding's opinions; and (6) the statements in the response to which Hernandez objects are supported with the affidavit and deposition testimony. Hernandez replies that there is no authority cited by Swift to amend the affidavit, the Court and Hernandez should not be forced to review the amended affidavit to determine what portions were changed, the supplemental exhibits are untimely, and he challenges the affidavit as conclusory.

So that the Court may adequately consider whether to strike or limit the testimony of Richard Harding, the Court will grant leave to amend the affidavit. Substantively, the affidavit now reflects that Harding attests "with personal knowledge of the facts stated herein, and they are true and correct." That being noted, the Court did not consider the remaining objected-to items as dispositive in this decision. Therefore, there is no prejudice suffered by Plaintiff. In any case, this Court's order will ensure that any prejudice suffered by Plaintiff will be cured.

**Motion to Strike the Witness and Response**

Hernandez moves to strike Swift Transportation Company's expert, Richard M. Harding, on the grounds that he is not qualified. Specifically, Hernandez argues that (1) Harding is not qualified as an accident reconstruction or impact analysis expert, and (2) he is not qualified to render medical opinions as to the diagnosis or cause of Plaintiff's injuries. Hernandez also argues that Defendant's

4

expert's testimony would be unreliable and irrelevant regarding an impact analysis test to determine the level of force produced as a result of the collision between Plaintiff's vehicle and Defendant's tractor trailer. Specifically, Hernandez claims that (1) Harding's opinions are not based upon sufficient facts or data[13] and (2) that Harding's proposed testimony is not the product of reliable principles and methods.[14]

Swift Transportation Company responds that Harding is qualified to render the opinions he intends to offer,[15] his opinions are grounded in science and medicine, and the opinions will assist the trier of fact.[16] Ultimately, Defendant argues that the issues Plaintiff raises are matters for cross

---

[13] Plaintiff argues that this is because (a) Harding does not state how he obtained the descriptions of the accident scenario, (b) he did not examine any of the vehicles, and (c) his report does not account for the fact that Plaintiff jumped out of his vehicle.

[14] Plaintiff claims (a) that the biomechanical community has rejected Harding's theory that there is an injury threshold for the disk injury suffered by Plaintiff; (b) Harding's definition of a sideswipe collision, which he utilized in his simulation program, is not consistent with the accident; (c) Harding's description of the accident in his simulation model is flawed; (d) Harding's opinion that Hernandez could not have suffered a back injury from this accident alone is flawed because the basis for the assessment—cadavers and animals—cannot be applied to a human, is contradicted by previous testimony he provided in other cases, and cannot be validated by medical testing.

[15] Defendant provides Dr. Harding's credentials, which show he is a medically qualified biomechanic with degrees in medicine from the United Kingdom, post-graduate training while in the United Kingdom's Royal Air Force, and a Ph.D in physiology. Swift Transportation Company states that Harding has specific academic and clinical instruction in neurology, orthopedics, neurological surgery and radiology; he has published articles on the subject of whiplash; and has testified in numerous cases as an expert witness.

[16] Specifically, Swift Transportation Company outlines the methodology utilized by Dr. Harding; provides a sample of publications on injury causation analysis; states that Harding is determining whether the force of the accident could produce Hernandez's diagnosed injuries rather than rendering an opinion on Harding's medical condition; that Harding need not visit the accident scene or physically inspect the vehicles to render an opinion; and injury causation analysis is the basis of automobile standards and is used by numerous government agencies in their development of standards.

examination at trial. Plaintiff replied that no one involved in producing Swift's expert report is an engineering expert and reiterates that Harding is not qualified and that his methodology is unreliable or irrelevant.[17]

## Legal Standard

Rule 702 of the Federal Rules of Evidence reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. District courts must act as gatekeepers to ensure that expert testimony meets the standards of Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Court must assure that the expert witness "'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

### A. Qualifications of Richard M. Harding

"Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting FED. R. EVID. 702). Plaintiff claims that Harding is not qualified to testify because he does not have a degree in

---

[17] Pl.'s Reply.

engineering or a certification by the Association of Accident Reconstructionists; his Doctorate of Philosophy does not apply to this case; his post-graduate study is not specific; and a certification course is a correspondence course. Plaintiff further states that Harding is not qualified to render medical opinions.

The Court notes that Dr. Harding is not attempting to recreate the accident to explain the events as they occurred on the date of the accident. Harding will opine on the level of injury expected to be sustained by a driver who is involved in a particular type of accident, in other words, he will discuss injury causation analysis ("ICA"). ICA "is the examination of a collision event in order to understand its nature and to determine its essential features, including the causation of injuries."[18] Harding's education and experience are sufficient to qualify him as an expert in this field. Harding holds a Bachelor of Science Degree in Physiology; a Bachelor of Medicine and a Bachelor of Surgery, which are the equivalent of a Medical Doctor degree in the United States, and a Doctorate of Philosophy—or Ph.D—in human physiology.[19] Harding has also published and presented on the impacts of certain events on the human body, including the injury potential of certain vehicle accidents; the human response to acceleration; and the biomechanics of whiplash in low velocity collisions.[20] The Court determines that Richard M. Harding is qualified as an expert

---

[18] Aff. of Richard M. Harding 4 (Jul. 16, 2010) (Def.'s Ex. A).

[19] Curriculum Vitae of Richard M. Harding (Def.'s Ex. A-1). His Doctorate in Philosophy, or Ph.D, is in *human physiology* and not *philosophy*.

[20] While the majority of Harding's publications and presentations involve aviation, the Court finds that Harding has sufficient education and authorship on vehicular accidents to qualify him to opine on the impacts of certain accidents on the human body.

to discuss the impact of a particular accident on the human body.[21]

## B. Sufficiency of the Facts

A party seeking to introduce expert testimony is required to demonstrate that the testimony is based on sufficient facts. FED. R. EVID. 702. Harding lists the information upon which he bases his conclusions, including the Texas Peace Officer's Crash Report, color copies of photographs of Hernandez's vehicle, the property damage appraisal for Hernandez's vehicle, the bill of lading, the pleadings in the case, and Hernandez's medical records. Plaintiff argues that Harding did not examine the vehicles or consider Hernandez's testimony. None of Hernandez's claims, however, demonstrate that failure to consider these elements should preclude the admission of Harding's testimony.

## C. Reliability

The Court determines the reliability of an expert's testimony "by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 592–93). Harding attests to the methodology of ICA. He states that assessing the cause of an injury requires

---

[21] The Court notes that while Dr. Harding is not a licensed professional engineer, he does have Traffic Accident Reconstruction certifications. Plaintiff characterizes this certification as "a correspondence course from this Northwestern Traffic Institute, which pads the resume." Mot. at 6 (quoting *Wilson v. Woods*, 163 F.3d 935, 938 (5th Cir. 1999)), which itself quoted the district court's findings in granting a motion to exclude an expert witness). There is no indication that Harding's Traffic Accident Reconstruction certifications from Northwestern University lacked any requisite standards. Also, in *Wilson v. Woods*, the excluded witness had previously served as a fire expert and his previous testimony did not involve accident reconstruction. That is not the case here, in which Richard Harding's expertise on ICA has been established. In light of Harding's multi-year experience analyzing accidents and his testimony on ICA, the Court finds he has sufficient expertise to serve as an expert. Plaintiff may challenge the depth of that expertise on cross examination at trial.

identification of the mechanism by which the injury can occur, establishing the sufficient magnitude of force and direction of action to cause the injury, and timing the injury with the timing of the mechanism.[22] Specific to automobile injuries, ICA requires an analysis of vehicle dymanics (*i.e.*, the severity and magnitude of the event), analysis of occupant kinematics (*i.e.*, motion without reference to force or mass), application of biomechanics (*i.e.*, identifying the mechanism resulting in injury), determination the potential of the injury, and validation through medical analysis.[23] Plaintiff states that the biomechanical community has rejected Harding's theory that there is an injury threshold for a spinal disc injury, which Plaintiff supports with the assessment of his own expert witness. Defendant responds that Harding's assessment is based on the normal spectrum of tissue tolerance and is not specific to Hernandez. Harding stated in his deposition that he relied on reference materials and biomechanical reports to establish his assessment. Again, this appears to be a dispute between the experts that is to be reconciled by the jury. The remaining challenges to Harding's report involve challenges raised by Plaintiff that Plaintiff can pursue on cross examination or via his own rebuttal witness.

**D. Relevancy**

Relevancy under "Rule 702 requires that expert testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002). Hernandez's negligence claim requires an assessment of damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (outlining elements for a claim of negligence, including damages). Following the Court's order on partial summary judgment, the

---

[22]Def.'s Ex. A at 4.

[23]*Id.* at 7–10.

issue of damages remains the sole issue in this case. Because Harding's testimony pertains to the extent of the injury Hernandez sustained given the type of accident that occurred in this case, it will assist the trier of fact to assess damages. As a result, the testimony is relevant.

## Conclusion

Defendant's expert meets the requirements of Federal Rule of Evidence 702. Plaintiff's challenges to Defendant can be addressed via cross examination and there is no basis to exclude Defendant's expert report. The Motion to Strike Harding's Affidavit and Attached Exhibits is DENIED. Defendant's motion for leave to amend the affidavit is GRANTED. The Motion to Strike Expert Testimony of Defendant's Expert Witness and Exclude the Expert's Testimony is DENIED.

However, to ensure that Plaintiff will suffer no prejudice, it is ORDERED that Defendant shall make Dr. Richard Harding available for an additional deposition by Plaintiff at the Defendant's expense on or before October 1, 2010.

SIGNED this 10th day of August, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE