# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BRANDON HERNANDEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-09-CV-855-XR |
| § | |
| SWIFT TRANSPORTATION CO., INC., § | |
| § | |
| *Defendant*. § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Strike Defendant's proposed trial witnesses Lisa D. Jones, Richard Watson, and Enrique Bonugli (Docket No. 45).  Having considered the motion and Defendant's response, the motion is GRANTED IN PART AND DENIED IN PART.

### Statement of Case

Plaintiff Brandon Hernandez seeks damages for injuries received in a vehicle accident with a tractor trailer owned by Defendant Swift Transportation Company, Inc. on October 22, 2007, in San Antonio, Texas.

### Relevant Procedural History

This Court granted Plaintiff's motion for partial summary judgment for negligence, leaving the issue of damages for resolution at trial.[1]  Defendant was ordered to designate testifying experts on or before May 7, 2010, and discovery expired in this case on July 9, 2010.[2]  On July 9, Defendant

---

[1] Order on Mot. for Summ. J., Jun. 2, 2010 (Docket No. 28).

[2] Scheduling Order, Dec. 8, 2009 (Docket No. 9).

1

filed a supplemental designation of fact witnesses that included Lisa D. Jones, the driver of Defendant's tractor trailer who had previously not been located; and Richard Watson and Enrique Bonugli, who assisted Defendant's expert witness Richard M. Harding prepare his expert report.[3] Plaintiff moves to strike the three witnesses,[4] Defendant has filed its response,[5] and both parties have filed replies.[6]

## Analysis

*A. Lisa D. Jones*

Defendant's witness Lisa D. Jones was the employee of Swift Transportation Company who drove the tractor trailer that collided with Plaintiff's vehicle. Defendant identified Lisa D. Jones in its initial disclosures to Plaintiff, but did not have an address for her.[7] On January 19, 2010, Defendant produced a driver's qualification file with Bates numbers 1–192.[8] On January 29, 2010, Hernandez requested that Swift provide Jones's last known address.[9] On March 27, 2010,

---

[3]Def.'s Supplemental Designation of Potential Fact Witnesses, Jul. 9, 2010 (Docket No. 44).

[4]Pl.'s Mot. to Strike Lisa D. Jones, Richard Watson, & Enrique Bonugli as Def.'s Trial Witnesses, Jul. 12, 2010 (Docket No. 45).

[5]Def.'s Resp. in Opp'n to Pl.'s Mot. to Strike Lisa D. Jones, Richard Watson, & Enrique Bonugli as Def.'s Trial Witnesses, Jul. 23, 2010 (Docket No. 51).

[6]Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Strike, Jul. 30, 2010 (Docket No. 54); Def.'s Sur-Reply to Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Strike, Aug. 9, 2010 (Docket No. 56).

[7]The initial disclosure reads: "Lisa D. Jones Swift Transportation driver current address unknown." Def.'s Initial Disclosures Pursuant to Rule 26(a)(1)(A&B), Dec. 14, 2010 (Docket No. 10) (Pl.'s Ex. 1, Def.'s Ex. A).

[8]Def.'s Resps. & Objections to Pl.'s 1st Set of Requests for Production No. 22, Jan. 19, 2010 (Pl.'s Ex. 5, Def.'s Ex. B).

[9]Plaintiff's attorney's correspondence reads: "If Ms. Jones was an employee of Defendant, then Defendant must have a last known address and telephone number. Please provide the last

Hernandez sent a draft motion to compel, requesting Jones's last known address and telephone number.[10] On April 13, 2010, Swift supplemented its disclosures with an address for Lisa Jones in Rockwall, Texas, but did not provide a telephone number.[11] Hernandez further argues that the parties agreed that Swift would provide log-books for the driver, but Swift subsequently declared that the log-books prior to the date of the accident were not retained.[12] On July 1, 2010, Swift supplemented its disclosures that included an address for Lisa Jones in Greenville, Texas, with a telephone number.[13] On July 1, 2010, Hernandez reminded Swift that the Court already granted summary judgment regarding liability.[14] On July 2, 2010, Swift stated that it intends to offer Jones's testimony "on issues other than directly related to 'the mechanics of the impact.'"[15]

Hernandez states that it did not conduct discovery to develop impeachment or rebuttal evidence with regard to Lisa D. Jones and it did not conduct depositions of her supervisors.[16] He claims that her testimony is not relevant because the issue of liability has been settled.

Swift responds that the information provided in Jones's Driver Qualification file contained

---

known address and telephone number of Lisa D. Jones." Letter from Pl.'s Att'y to Def.'s Att'y 1, Jan. 29, 2010 (Pl.'s Ex. 2).

[10] Pl.'s Draft Mot. to Compel & Enforce, Mar. 27, 2010 (Pl.'s Ex. 3).

[11] Def.'s Supplemental Initial Disclosures Pursuant to Rule 26(a)(1)(A&B), Apr. 13, 2010 (Pl.'s Ex. 4).

[12] Mot. at 3.

[13] Def.'s 2d Supplement to Initial Disclosures Pursuant to Rule 26(a)(1)(A&B), Jul. 1, 2010 (Pl.'s Ex. 10/Def.'s Ex. G)

[14] Letter from Pl.'s Atty'y to Def.'s Atty's, Jul. 1, 2010 (Def.'s Ex. I).

[15] Letter from Def.'s Att'y to Pl.'s Att'y, Jul. 2, 2010 (Def.'s Ex. H).

[16] Mot. at 6.

Jones's last known address, including her driver's license and employment application.[17] Swift states that upon learning of Jones's correct contact information, it supplemented the initial disclosures and offered to make her available for a deposition.[18] Swift notes that the issue regarding liability is settled, but there are facts regarding Plaintiff's level of injuries that are in dispute and that Jones can testify as to her observations of Hernandez following the accident.[19]

Lisa D. Jones's testimony is relevant as to the issue of damages since she can testify as to her observations of Hernandez immediately following the accident. She can testify on the events as they occurred that day so that the jury can assess Hernandez's injuries. As Swift notes itself, liability is no longer an issue in this case, therefore, Jones's testimony may only be used to assess damages.

Contrary to Plaintiff's arguments that Swift's supplemental disclosure was untimely, Defendant supplemented its disclosure prior to the end of discovery and offered to make Lisa D. Jones available for a deposition. Swift complied with Rule 26(e) by supplementing its disclosure when it learned of the additional information that had not otherwise been made known to the other parties. *See* FED. R. CIV. P. 26(e). There is no basis for Hernandez's claim of untimeliness. Furthermore, the Court finds that Hernandez has little basis to claim that he is prejudiced. First, Swift supplemented its disclosure once it identified Jones's contact information. Second, Hernandez's failure to develop impeachment or rebuttal testimony is due to Hernandez's own failure to depose Jones's supervisors and lack of diligence. Hernandez planned to depose Jones's supervisor

---

[17]Resp. at 2.

[18]Resp. at 3.

[19]*Id.*

on April 20, 2010, but never rescheduled the deposition after it was cancelled.[20]  Third, the identification of Jones's last known address was irrelevant since she would not have been located there even if Hernandez was aware of the address.  Fourth, the Court granted partial summary judgment in favor of Plaintiff on the issue of liability when Defendant could produce no evidence to create a material issue of fact regarding Swift's liability.  Hernandez's motion to strike witness Lisa D. Jones is denied.  In light of the date that Defendant supplemented its disclosure and the deadline for discovery, the Court will allow Hernandez to depose Jones if it so chooses at his own expense.  Defendant shall make Jones available for a deposition on or before September 15, 2010.

B. *Richard Watson and Enrique Bonugli*

In his deposition, Defendant's expert witness Richard M. Harding identified Richard Watson and Enrique Bonugli as two employees on his staff who aided him with his analysis of the vehicle impact.  Swift claims that it did not consider Watson and Bonugli as testifying experts; as employees of the same business enterprise as Richard Harding, Watson and Bonugli are not consulting experts; and out of an abundance of caution, it listed them as potential trial fact witnesses.  Plaintiff notes that Bonugli's and Watson's involvement with this case was not disclosed in interrogatories, Swift never designated them as expert witnesses, and such a designation is untimely.  The Court notes that Watson and Bonugli are not fact witnesses since they were not witnesses to the underlying events or can attest to any personal knowledge of events that would impact damages.

The Scheduling Order required parties resisting claims for relief to file their designation of potential witnesses, testifying experts, and proposed exhibits on May 7, 2010.  Swift did not

---

[20]Notice of Oral & Video Dep. with Subpoena Duces Tecum, Mar. 23, 2010 (Def.'s Ex. D); Letter from Pl.'s Att'y to Def.'s Att'y, Apr. 13, 2010 (Def.'s Ex. E) (noting that deposition had been cancelled).

designate Watson and Bonugli. Any such designation would be untimely and prejudicial. Therefore, Watson and Bonugli are not proper witnesses for this case.

Swift states that Watson and Bonugli should be allowed to testify in the event that Plaintiff's expert raises issues regarding the impact analysis performed by the two. Swift cannot attempt to circumvent this Court's orders regarding expert witnesses by attempting to introduce them to bolster the testimony of their expert. Only Dr. Harding may provide expert testimony regarding impact causation analysis. Should Plaintiff's properly-designated witnesses raise issues regarding the quality of the impact analysis performed by Dr. Harding, only Dr. Harding is qualified to address those issues. Plaintiff's motion to strike Watson and Bonugli is granted.

## Conclusion

Plaintiff's motion to strike is GRANTED IN PART AND DENIED IN PART. It is ORDERED that Lisa D. Jones may testify only as it pertains to the issue of damages. Defendant shall make Lisa D. Jones available for a deposition on or before September 15, 2010, and should Plaintiff choose to depose Ms. Jones, it will occur at Plaintiff's own expense. It is further ORDERED that Richard Watson and Enrique Bonugli shall not testify in this case.

SIGNED this 11th day of August, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE